**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COLLIN BOYLE,<br><br>    Plaintiff,<br><br> v.<br><br>WALMART; WALMART REAL ESTATE BUSINESS TRUST; WALMART STORES. INC.; ABC COMPANY (1-10) (FICTITIOUS NAMES, TRUE NAMES UNKNOWN AT THIS TIME), A BUSINESS ENTITY AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY; JOHN DOE (I-10) (FICTITIOUS NAMES, TRUE NAMES UNKNOWN AT THIS TIME),<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO. _____<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Walmart, Walmart Real Estate Business Trust and Wal-Mart Stores, Inc., by and through its undersigned counsel, now files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Ocean County ("State Action") to the United States District Court for the District of New Jersey, and, in support thereof, state as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

1. On October 27, 2020, Plaintiff, Collin Boyle ("Plaintiff"), instituted the State Action by filing a Complaint against the Defendants. (*See* Ex. "A," Plaintiff's Complaint.)

2. Plaintiff, Collin Boyle, alleges that he sustained personal injuries from an unsafe condition on or about June 9, 2019 at Wal-Mart Store #1844 located at 950 Route 37 West, Toms River, New Jersey 08755 ("Store"). *(See generally* Ex. "A," Plaintiff's Complaint.)

3.   According to Plaintiff's Complaint, "As a result of the aforesaid negligence, plaintiff, Collin Boyle, was caused to sustain severe injuries, both temporary and permanent in nature, together with great pain and suffering as well as serious economic loss, and was prevented from transacting lawful business and affairs and had to expend sums for medical expenses, all of which are expected to continue into the future." *(Id. ¶ 5.)*

4.   Plaintiffs' Complaint was simply too vague and indefinite for Defendants to determine the amount in controversy alleged.

5.   On November 11, 2020, Defendants filed an Answer to Plaintiff's Complaint. *(See* Ex. "B," Defendants' Answer to Complaint.)

6.   According to Plaintiff's Statement of Damages dated April 26, 2021, Plaintiff is seeking $3,000,000 in damages. *(See* correspondence, attached hereto as Ex. "C".)

7.   Defendants now timely files this Notice of Removal because the Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.   The United States District Court for the District of New Jersey is the federal judicial district encompassing Ocean County, New Jersey, where the State Action was filed. For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

9.   Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action."  *(See* Ex. "D," Copies of All Process, Pleadings and Orders Served Upon Defendants in the State Action.)

10. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel, and a copy of this Notice of Removal is being filed with Superior Court of New Jersey, Law Division, Ocean County, as required by 28 U.S.C. § 1446(d).

## II. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

11. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

12. The district courts of the United States have original jurisdiction over matters between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

### A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

13. A natural person is deemed to be a citizen of the state where she is domiciled. *Lincoln Benefit Life Co. v. AEI Life, LLC,* 800 F.3d 99, 104 (3d. Cir. 2015).

14. "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.*

15. The citizenship of limited liability companies and partnerships are determined by the citizenship of their members. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

16. The citizenship of fictitious names shall be disregarded when determining diversity of citizenship. 28 U.S.C. §1441(b)(1).

17. At all relevant times, Plaintiff was/is a citizen of the State of New Jersey because he was/is an adult individual residing and domiciled in Ocean County, New Jersey. *(See* Ex. "A")

18. Defendant, Walmart Real Estate Business Trust, operated the Wal-Mart Store #1844 located at 950 Route 37 West, Toms River, New Jersey 08755 and at all material times, it was an Arkansas corporation with its principal place of business located in Bentonville, Arkansas.

19. Wal-Mart Stores East, LP is owned solely (100%) by Wal-Mart Stores, Inc., now known as Walmart Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly-owned operating entities as follows: Walmart Inc. (WMT) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMT). For the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the States of Arkansas and Delaware.

20. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

21. No Defendant is a citizen of the State of New Jersey.

22. Accordingly, at all relevant times, there was/is complete diversity of citizenship.

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

23. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

24. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

25. Evidence establishing the amount is required by 28 U.S.C. §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.*

26. Plaintiff's Complaint was simply too vague and indefinite for Defendants to determine the amount in controversy alleged. *(See* Ex. "A" ¶ 4)

27. According to Plaintiff's Statement of Damages dated on April 26, 2021, Plaintiffs are seeking $3,000,000 in damages. (*See* correspondence, attached hereto as Ex. "C".)

28. Based on the foregoing, the amount in controversy is in excess of $75,000 exclusive of interest and costs.

29. Because the requirements for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied, *i.e.,* complete diversity of citizenship and the amount in controversy exceeding $75,000, this action is properly removable.

**WHEREFORE**, Defendants, Walmart, Walmart Real Estate Business Trust, and Wal-Mart Stores, Inc., respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Ocean County to the United States District Court for the District of New Jersey.

|  |  |  |
|---|---|---|
|  |  | **MCDONNELL & ASSOCIATES, P.C.** |
| Dated: May 20, 2021 | By: | */s/ Lisa M. Only* |
|  |  | Patrick J. McDonnell, Esquire |
|  |  | NJ Attorney I.D. No.: 026781991 |
|  |  | Lisa M. Only, Esquire |
|  |  | NJ Attorney I.D. No.: 011142009 |
|  |  | 500 Route 70 West |
|  |  | Cherry Hill, NJ 08002 |
|  |  | Telephone: (856) 429-5300 |
|  |  | Facsimile: (856) 310-7900 |
|  |  | *Attorneys for Defendants, Walmart, Walmart Real Estate Business Trust, and Wal-Mart Stores, Inc.* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLLIN BOYLE, | |
| Plaintiff, | CIVIL ACTION |
| v. | CASE NO. _____ |
| WALMART; WALMART REAL ESTATE BUSINESS TRUST; WALMART STORES. INC.; ABC COMPANY (1-10) (FICTITIOUS NAMES, TRUE NAMES UNKNOWN AT THIS TIME), A BUSINESS ENTITY AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY; JOHN DOE (I -10) (FICTITIOUS NAMES, TRUE NAMES UNKNOWN AT THIS TIME), | JURY TRIAL DEMANDED |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Lisa M. Only, Esquire, hereby certify that, on the below date, Defendants, Walmart, Walmart Real Estate Business Trust, and Wal-Mart Stores, Inc.'s, Notice of Removal was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic and first-class mail on this same date on the following:

Michael P. Cahill, Esquire
Rosenberg, Kirby, Cahill, Stankowitz & Richardson
29 Main Street
Toms River, NJ 08753
*Attorneys for Plaintiff, Collin Boyle*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: May 20, 2021          By: */s/ Lisa M. Only*

Lisa M. Only, Esquire
*Attorneys for Defendants, Walmart,*
*Walmart Real Estate Business Trust,*
*and Wal-Mart Stores, Inc.*